# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PAUL C. AGU,<br><br>               Plaintiff,<br><br>    v.<br><br>NATIONWIDE INSURANCE COMPANY OF AMERICA, et al.,<br><br>               Defendants. | Case No. 2:17-cv-01096-APG-PAL<br><br>**ORDER REGARDING JURISDICTIONAL DISCOVERY** |

I previously ordered defendant Nationwide Insurance Company of America to show cause why this case should not be remanded to state court for lack of diversity jurisdiction. ECF No. 9. Nationwide responded with little more than its prior allegation that pro se plaintiff Agu demanded $100,000 to resolve the case. ECF No. 1 at 5:1-7. As I stated in my prior order, that is insufficient to convince me that this court has jurisdiction over this matter. There is no evidence that Agu's demand is "a reasonable estimate of the plaintiff's claim." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002).

Before remanding to the state court, I will permit Nationwide one last opportunity to present evidence supporting this court's exercise of jurisdiction. I will allow the parties to conduct jurisdictional discovery—limited to the issue of the amount in controversy at the time of removal—for a brief period. Nationwide will then file a supplemental brief demonstrating why this court has diversity jurisdiction over this matter.

IT IS ORDERED that the parties may conduct jurisdictional discovery through July 12, 2017. By July 21, 2017, Nationwide shall file a supplemental brief showing why this action should not be remanded to the state court. Failure to show cause by that date will result in remand.

Dated: May 24, 2017.

                                                                          ANDREW P. GORDON<br>
                                                                          UNITED STATES DISTRICT JUDGE